| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>MILSTEAD & ASSOCIATES, LLC<br>By: Andrew M. Lubin    Atty. ID: AL0814<br>1 E. Stow Road<br>Marlton, NJ 08053<br>(856) 482-1400<br>File No. 88.35142BKY<br>Attorneys for Movant: CitiMortgage, Inc. | |
| In Re:<br><br>Carole Snuka aka Carole Maston | Case No.: 15-19691-ABA<br><br>Chapter 7<br><br>Judge: Andrew B. Altenburg, Jr. |

## SUPLEMENTAL DECLARATION
## IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

I, Destiny D. Walden, declare under penalty of perjury as follows:

1. I am employed as a Vice President - Document Control for CitiMortgage, Inc., successor by merger to ABN AMRO Mortgage Group, Inc. ("Servicer"), and in that capacity, I am authorized to execute this Supplemental Declaration on behalf of Movant. This Supplemental Declaration is provided in support of the Motion for Relief from Stay (the "Motion") filed contemporaneously herewith.

2. In my capacity as Vice President - Document Control, I have personal knowledge of and am familiar with the types of records maintained by Movant in connection with the loan that is the subject of the Motion (the "Loan") and the procedures for creating those types of records. I have access to and have reviewed the books, records and files of Movant that pertain to the Loan and extensions of credit given to Debtor(s) concerning the property securing such Loan.

3. The information in this Supplemental Declaration is taken from Movant's business records regarding the Loan. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Movant's regularly conducted business activities; and (c) it is the regular practice of Movant to make such records.

4. The Debtor(s), Carole Maston, has executed and delivered or is otherwise obligated with respect to that certain promissory note referenced in the Motion (the "Note"). Pursuant to that certain Mortgage referenced in the Motion (the "Mortgage"), all obligations of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the property referenced in the Motion.

5. As of August 18, 2015, there are one or more default(s) in paying Debtor's contractual amounts due with respect to the Note.

6. As of August 18, 2015, the unpaid principal balance of the Note is $79,047.61.

7. The following chart sets forth those payments due pursuant to the terms of the Note, which the Debtor has failed to pay as of August 18, 2015:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 14 | 02/01/2014 | 03/01/2015 | $577.93 | $0.00 | $577.93 | $8,091.02 |
| 5 | 04/01/2015 | 08/01/2015 | $577.93 | $1,412.06 | $1,989.99 | $9,949.95 |
| Less partial payments (suspense balance): | | | | | | ($0.00) |

**Total: $18,040.97**

8. As of August 18, 2015, the total delinquency is $18,040.97, consisting of (i) the total of missed contractual payments in the amount of $18,040.97, plus (ii) the following fees[1]:

| Description | Amount |
| --- | --- |
| N/A | $0.00 |

9. Attached hereto as Exhibit A is a payment history.

Pursuant to 28 U.S.C. §1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing factual statements are true and correct.

Executed this 20 day of August, 2015. at Florence, Kentucky. (city, state)

Affiant

By: *Destiny D. Walden* 8/20/15
Name: Destiny D. Walden

---

[1] The total of missed payments for this loan include any missed escrow payments. Such missed escrow payments include amounts assessed for taxes and insurance and any previously assessed escrow shortage amount (if applicable). To avoid duplication, advances (if any) made for insurance, real estate taxes, or similar charges are not listed separately to the extent such advances would have been paid from the missed escrow payments. As part of the next annual RESPA analysis, movant will determine whether the escrow payments assessed to the debtor (including the missed escrow payments) result in a projected escrow shortage or overage. All rights are hereby reserved to assert or request any escrow amounts in accordance with RESPN and the total delinquency is qualified accordingly.

STANDING STATEMENT

CITIMORTGAGE, INC._SERVICES THE LOAN ON THE PROPERTY REFERENCED IN THIS PROOF OF CLAIM. IN THE EVENT THE AUTOMATIC STAY IN THIS CASE IS MODIFIED, THIS CASE DISMISSES, AND/OR THE DEBTOR OBTAINS A DISCHARGE AND A FORECLOSURE ACTION IS COMMENCED ON THE MORTGAGED PROPERTY, THE FORECLOSURE WILL BE CONDUCTED IN THE NAME OF _CITIMORTGAGE, INC. , NOTE HOLDER.

Note holder directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Note holder or has been duly endorsed. Note holder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.